Squire N. Williams, Jr., William E. Scent, Frankfort, for appellants.

**ALLPHIN, Com'r of Revenue, et al.**

v.

**GLENMORE DISTILLERIES CO.**

Court of Appeals of Kentucky.

July 19, 1954.

J. H. Gold, Louisville, for appellee.

Elmer G. Davis, Jr., Frankfort, amicus curiae.

CULLEN, Commissioner.

The Department of Revenue of Kentucky appeals from a judgment that voided an additional income tax assessment levied by the department against Glenmore Distilleries Company for the year 1950. The question involves the proper allocation of business income of the company to Kentucky.

The controlling statute is KRS 141.120, which deals generally with the allocation of the income of corporations doing business both within and without Kentucky. Subsection (3) of that statute provides a formula for allocating "business" income, based on the factors of payrolls, tangible property, and business receipts. Paragraph (f) of that subsection provides as follows:

> "(f) Receipts from sales and other sources shall be assigned only to the office, agency or place of business of the corporation at which the transactions giving rise to the receipts are chiefly negotiated."

The controversy centers around the interpretation of paragraph (f). In essence,

Glenmore contends that the receipts from orders for whiskey procured from buyers in other states, through its sales offices, agencies or places of business located outside of Kentucky, should not be assigned to Kentucky, while the department maintains that other elements of the complete sales transaction, in addition to the one element of order procurement, must be considered, and that the receipts must be assigned to Kentucky if the predominant elements of the sales transaction take place in this state. The view of the department is expressed in a regulation promulgated by it in 1953, which provides:

"There is no specific formula for determining whether or not a receipt should be assigned to Kentucky. Each case must be determined on the basis of its own particular facts and no one factor alone is controlling. In general, the location of the stock from which the goods are shipped, the destination of the goods, the state where title passes, the state in which accounts receivable are maintained and payments received are among the factors to be given weight in determining the situs of a particular receipt. * * *"

Glenmore has its main executive offices and accounting offices in Louisville, Kentucky. Its production plant and principal warehouses are located in Daviess County, Kentucky. Its main income is from the sale of whiskey. It has district or regional sales offices in 29 states, and has salesmen in 16 additional states who are responsible to one of the district or regional offices. Orders procured by salesmen in those 45 states are sent to the Louisville office, upon forms which recite that the order is "subject to approval of Seller's Office in Louisville, Kentucky." The orders are processed in the Louisville office, and then transmitted to the plant in Daviess County for shipment. Packaging and shipment are made from the warehouses in Daviess County. Accounts receivable are maintained at the Louisville office, and payments on account are received at that office.

The additional assessment made by the Department of Revenue was upon the basis that the predominant elements of the sales transactions took place in Kentucky. The lower court, in voiding the assessment, accepted Glenmore's view that the sales transactions were "chiefly negotiated" in other states by reason of the orders having been procured in those states.

In searching for some precedent to guide us in the construction of our statute, we find a divergence of authority in other states in the construction of somewhat similar statutes. In no instance have we found a case based upon a statute identical with the Kentucky statute. However, we find that in four states whose statutes contain the word "negotiated" the courts have held that receipts from sales should not be allocated to the state in which is located the main offices of the corporation if the order is solicited and procured by sales representatives whose activities are centered at an office, agency or place of business maintained by the corporation outside the state. Those states, and the cases interpreting their statutes, are: Minnesota, Maytag Company v. Commissioner, of taxation, 218 Minn. 460, 17 N.W.2d 37; Pennsylvania, Commonwealth v. Bayuk Cigars, 345 Pa. 348, 28 A.2d 134, 139; Commonwealth v. Continental Rubber Works, 347 Pa. 514, 32 A.2d 878, and Commonwealth v. Minds Coal Mining Co., 360 Pa. 7, 60 A.2d 14; Massachusetts, Commissioner of Corporations and Taxation v. Ford Motor Co., 308 Mass. 558, 33 N.E.2d 318, 139 A.L.R. 936; Utah, California Packing Corp. v. State Tax Commission, 97 Utah 367, 93 P.2d 463.

We concur in the view expressed in the cases above cited that the word "negotiated," as used in the allocation statute, has reference to the activities that induced, brought about or created the sale, rather than to the steps involved in consummating or completing the sale transaction.

The Department of Revenue points out that the 1954 General Assembly reenacted KRS 141.120(3) without making any

change in paragraph (f), and contends that this amounted to a legislative recognition and approval of the interpretation placed upon the statute by the department as evidenced by its regulation of 1953. A sufficient reason for rejecting this contention is that the interpretation evidenced by the regulation was neither long continued nor well settled prior to the re-enactment of the statute in 1954. See 42 Am.Jur., Public Administrative Law, sec. 83, p. 410, note 17.

It is our opinion that the lower court properly construed the statute in not assigning to Kentucky the receipts from sales procured by sales representatives operating out of offices, agencies or places of business maintained by the corporation outside of Kentucky.

The judgment is affirmed.