**J. E. LUCKETT, Commissioner of Revenue, Commonwealth of Kentucky, et al.,**
Appellants,

v.

**HEAVEN HILL DISTILLERIES, INC.,**
Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

Jo M. Ferguson, Atty. Gen., Bradford T. Garrison, Dept. of Revenue, Frankfort, for appellants.

James E. Fahey, Skaggs, Hays & Fahey, Louisville, for appellee.

BIRD, Judge.

Heaven Hill Distilleries, Incorporated, a Kentucky corporation, paid the Commonwealth certain income taxes for the years 1951, 1952 and 1953. The Commonwealth assessed other income taxes for the years of 1954 and 1955. The trial court entered a twofold judgment which set aside the assessments for 1954 and 1955 and ordered the Commonwealth to refund the taxes paid for the years 1951, 1952 and 1953. The Commonwealth appeals.

The income involved in this action was derived solely from contracts and sales made and negotiated in places other than Kentucky during the years 1951, 1952, 1953, 1954 and 1955. The products were sold and bottled for delivery to places solely without the state. Each of the sales and contracts involved was made and negotiated by Heaven Hill Company, Incorporated, an Illinois corporation. The Illinois corporation was making and negotiating these sales and bottling contracts pursuant to an exclusive sales agreement with the Kentucky corporation. The two corporations were otherwise wholly independent of each other.

All of the sales in question were negotiated through out-of-state offices, owned, staffed and maintained solely by the Illinois corporation, and over which the Kentucky corporation had absolutely no control.

The sole issue is one of allocation of income for tax purposes. The appellant insists that 100 per cent of the income involved should be allocated to Kentucky under the provisions of KRS 141.120(4),

the pertinent part of which reads as follows:

"* * * If the trade or business is carried on entirely within this state, the entire net business income shall be allocated to Kentucky. * * *"

Appellee, on the other hand, contends that none of the income involved should be allocated to Kentucky because of the provisions of KRS 141.120(4) (f), which reads as follows:

"Receipts from sales and other sources shall be assigned only to the office, agency or place of business of the corporation at which the transactions giving rise to the receipts are chiefly negotiated."

We hold that the income derived from sales negotiated through offices, agencies and places of business *maintained* by the taxpayer outside of Kentucky is not allocable to Kentucky for income tax purposes. Allphin v. Glenmore Distilleries Co., Ky., 270 S.W.2d 168. Under those conditions we in effect concluded that the taxpayer's business was not "carried on entirely within the state."

However, we have held that negotiating sales in other states through authorized agents does not of itself mean that the taxpayer is not carrying on its business entirely within the state of Kentucky. Luckett v. Coca-Cola Bottling Company of Louisville, Ky., 310 S.W.2d 795, 796.

To avoid allocation of out-of-state sales to Kentucky, the taxpayer must not only negotiate the sales outside of Kentucky but must in addition thereto negotiate them from offices, agencies and places of business *maintained* by the taxpayer outside of the state.

Appellee says in its brief as follows: "Situations in which a Kentucky taxpayer *owned* the business establishment from which the sales were negotiated and staffed it with its own servants are clearly covered

by the terms 'office' and 'place of business.' "

We agree with the foregoing statement. The record discloses with absolute certainty that the Illinois corporation does not constitute an "office" or a "place of business" owned and staffed by the appellee. However, the appellee bases its right to a tax exemption upon the word "agency" used in the act and in its brief states as follows: "Therefore, if it had been the intention of the Legislature to restrict the allocation of sales solely to business establishments *owned* by Kentucky taxpayers, the use of the word 'agency' would be pure superfluity." We cannot quarrel with the statement because we have in fact held that the use of the word "agency" is a superfluity. In Luckett v. Coca-Cola Bottling Company of Louisville, supra, we defined the meaning of the word as follows:

" * * * We should add that we think 'agency' in the context in which it is employed is synonymous in meaning with 'office' and 'place of business,' and that these terms imply definiteness of position."

■■ Having agreed with appellee that "office" and "place of business" connote ownership and control and, having held that "agency" is synonymous with these terms, we must conclude that appellee's argument has lost its predicate. To be relieved from allocation to the state of Kentucky, under the act upon which appellee relies, the offices and places of business must be maintained and controlled by the appellee. The stipulation of facts in this case shows positively that appellee did not maintain or control the Illinois corporation in any manner.

It is our conclusion that all of the income involved here should be allocated to the state of Kentucky.

The judgment is therefore reversed for proceedings not inconsistent with this opinion.