**KENTUCKY TAX COMMISSION, etc.,**
Appellant,

v.

**The AMERICAN TOBACCO COMPANY,**
Appellee.

Court of Appeals of Kentucky.

April 19, 1963.

Rehearing Denied Oct. 11, 1963.

William S. Riley, Dept. of Revenue, Frankfort, Frank A. Logan, and Richard W. Iler, Louisville, for appellant.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellee.

Stoll, Keenon & Park, Lexington, for amicus curiae.

CULLEN, Commissioner.

The circuit court held invalid a formula prescribed by the Department of Revenue for the allocation between Kentucky and other states, for income tax purposes, of the business income of The American Tobacco Company and other similar tobacco companies. The Kentucky Tax Commission has appealed.

In 1962 the controlling statutes were amended. We are concerned here with years prior to 1962, and our references to

statutes will be to their provisions prior to the 1962 amendments.

Under KRS 141.120(4) (b) a three-factor formula was prescribed for allocation of business income of a corporation carrying on business partly within and partly without this state. The three factors were tangible property, payroll, and business. KRS 141.120(4) (f) provided that in applying the business factor, receipts from sales must be assigned to the office, agency or place of business of the corporation at which the transactions giving rise to the receipts were chiefly negotiated. However, KRS 141.120 (9) authorized the Department of Revenue, upon a determination by it that the statutory formula, as applied in a particular case, failed to allocate to Kentucky a fair and reasonable portion of the business income, to prescribe a formula which would allocate to Kentucky a fair and reasonable portion of the business income.

Under claimed authority of KRS 141.120 (9), the Department of Revenue prescribed a special formula for the tobacco industry, upon a recited determination that the statutory formula would not allocate to Kentucky a fair and reasonable portion of the business income of the tobacco companies because of peculiarities of the tobacco business, particularly the fact that all sales of the major tobacco companies are the result of consumer demand created by mass advertising without the use of a sales force and orders are initiated by the wholesalers without direct solicitation by the companies. However, the special formula differed from the statutory formula only in one respect— it provided that all receipts from sales to licensed wholesalers in Kentucky should be allocated to Kentucky. The Department concedes that under the statutory formula, particularly KRS 141.120(4) (f), the sales to wholesalers would be allocable to New York, because the sales were "chiefly negotiated" in New York.

We consider the question to be one simply of statute construction. In our opinion KRS 141.120, read as a whole,

clearly means that if receipts from sales are used in *any* formula the receipts must be assigned to the place of chief negotiation of the sales. Perhaps subsection (9) of the statute authorizes the Department to prescribe a formula that does not use receipts from sales as a factor (a question we need not decide), but we think that if such receipts are used as a factor they must be assigned as provided in subsection (4) (f). Any other interpretation would enable the Department to nullify subsection (4) (f) and the decision of this Court in Allphin v. Glenmore Distilleries Co., Ky., 270 S.W.2d 168.

As we view it, the legislature has said that while the Department may depart from the prescribed formula, nevertheless the sales receipts factor, if used, can be applied only as prescribed by the statute.

The cases from other jurisdictions relied upon by the Department are not applicable because in none of those cases was there a statute prescribing in detail how a particular factor must be applied, if used.

The judgment is affirmed.